**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TODD LYNCH | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3: 03 CV 0381(MRK) |
| | : | |
| v. | : | |
| | : | |
| KATHY McNAMARA et al., | : | |
|    *Defendants* | : | JANUARY 8, 2004 |

**MOTION FOR ORDER COMPELLING DISCLOSURE**

Defendants Kathy McNamara et al. respectfully request that the Court issue an order, pursuant to Federal Rule of Civil Procedure 37(a)(2) and 37(a)(4), compelling the plaintiff to respond to discovery. The following facts, set forth in the attached affidavit of counsel, support the granting of this motion. On December 15, 2003, counsel for the defendants re-noticed the deposition of plaintiff Todd Lynch for 10:00 a.m. on Wednesday, January 7, 2004. Although Mr. Lynch and his counsel appeared for the deposition as scheduled, he brought none of the documents that were requested in the notice of deposition. Attorney Waggoner, representing the plaintiff, indicated that the plaintiff was not required to bring any documents in response to the notice of deposition, because no subpoena had been issued. Attorney Waggoner made no effort to raise this objection prior to the time of the deposition itself, although the notice had been sent more than three weeks before the deposition. Indeed, Attorney Waggoner made no effort to raise this objection in response to the two prior notices of the Plaintiff's Deposition, dated October 15 and November 7, both of which contained document production requests.

Counsel for the defendants attempted in good faith to resolve the issue without the intervention of the Court, discussing the matter with Attorney Waggoner after the

deposition and directing his attention to the Federal Rules of Civil Procedure, which provide that a notice of deposition to a party deponent may be accompanied by a request for the production of documents without the need for a subpoena. Attorney Waggoner still declined to provide the documents without an order from the Court.

Rule 30(b)(5) expressly provides that a notice of deposition directed to a party opponent may include a request for the production of documents at the taking of the deposition. The rule contains no requirement that the party noticing the deposition issue a subpoena. Subpoenas are only required when the deponent is a non-party witness.

WHEREFORE, the defendants respectfully request that the Court order the plaintiff to respond thoroughly to the document request contained in the defendants' notice of deposition, and submit to a completion of his oral examination after counsel for the defendants have had an opportunity to review all responsive documents, even if completion of his oral examination must therefore take place beyond the current close of the discovery period.

                          DEFENDANTS
                          KATHY McNAMARA et al.

            BY:   RICHARD BLUMENTHAL
                  ATTORNEY GENERAL

                          _____
                          Clare E. Kindall
                          Assistant Attorney General
                          55 Elm Street
                          P.O. Box 120
                          Hartford, Connecticut 06141-0120

CERTIFICATION

I hereby certify that a copy of this motion and attachments were served on all counsel of record by first class mail, postage prepaid, this 8th day of January, 2004, as follows:

Sebastian DeSantis, Esq.
Darren Waggoner, Esq.
Sabilia, DeSantis & Waggoner, LL.C.
247 Shaw Street
P.O. Drawer 101
New London, CT 06320
Tel: (860) 444-0144

_____
Clare E. Kindall
Assistant Attorney General