## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD LYNCH | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3: 03 CV 0381(MRK) |
| | : | |
| v. | : | |
| | : | |
| KATHY McNAMARA et al., | : | |
| *Defendants* | : | JANUARY 8, 2004 |

## AFFIDAVIT

CLARE E. KINDALL., having been duly sworn, deposes and says as follows:

1.  I am over eighteen years of age and understand the nature and obligations of an oath.

2.  I am currently employed as an Assistant Attorney General at the Office of the Attorney General, Special Litigation Unit.

3.  I have an appearance on file on behalf of the defendants in the matter of *Lynch* v. *McNamara,* a case pending before the U.S. District Court for the District of Connecticut.

4.  On October 15, 2003, I noticed the deposition of plaintiff Todd Lynch ("Lynch") for Wednesday, October 29, 2003.  A copy of the notice is attached to this affidavit as Exhibit A and incorporated by reference herein.  The October 15, 2003 notice include a request that the plaintiff bring certain documents to the deposition.

5.  Due to the unavailability of a court reporter, the October 29 deposition did not go forward.  I renoticed the deposition for Friday, December 5.  A copy of that notice, dated November 7, 2003, is attached to this affidavit as Exhibit B and incorporated by reference herein. This notice included a slightly expanded list of documents that the plaintiff was required to bring to the deposition.

6.   Because the plaintiff had failed to timely provide counsel for the defendants with a damages analysis prior to the December 5, 2003 deposition, in violation of an order by the Court, I re-noticed the deposition for 10:00 a.m. on Wednesday, January 7, 2004.  The notice of deposition was served on counsel for the plaintiff by certified mail.  A copy of the notice, dated December 15, 2003, is attached to this affidavit as Exhibit C and incorporated by reference herein.

7.   The December 15, 2003 re-notice of deposition required Mr. Lynch to bring the exact same documents to the deposition that had been set forth in the November 7, 2003, re-notice of deposition.  *Compare* Exhibits B and C.

8.   Mr. Lynch and his counsel, Attorney Darren Waggoner, appeared for the deposition as scheduled on January 7, 2004.  However, Mr. Lynch brought no documents with him in response to the document request in the notice of deposition.

9.   Attorney Waggoner informed me that the plaintiff was not required to bring any documents in response to the notice of deposition, because no subpoena had been issued. Attorney Waggoner made no effort to raise this objection prior to the time of the deposition itself, although each of the three notices of deposition, beginning as early as October 15, 2003, had contained requests for the production of documents.

10. I directed Attorney Waggoner's attention to the Federal Rules of Civil Procedure, which provide that a notice of deposition to a party deponent may be accompanied by a request for the production of documents without the need for a subpoena, and again requested that his client comply with the document request.  Attorney Waggoner still declined to produce the documents, and suggested that I file a motion with the Court.

2

_____
Clare E. Kindall


STATE OF CONNECTICUT          )
                              )   ss.  Harford, Connecticut
COUNTY OF HARTFORD            )

    Sworn and subscribed before me this 8th day of January, 2004.


_____
Beth Z. Margulies
Commissioner of the Superior Court