UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD LYNCH, | : | CIVIL ACTION NO. 3:03CV0381(MRK) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| KATHY MCNAMARA, | : | |
| TIMOTHY BARRY, and | : | |
| FRANK GRIFFIN, in their individual | : | |
| Capacities | : | |
| *Defendants* | : | JANUARY 22, 2004 |

**PARTIES' RULE 16 STATUS REPORT**

1. Brief Description of Nature of Matter and Relief Requested

The plaintiff, a Connecticut state trooper, filed claims in state court under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by an assistant state's attorney and two other state troopers for purported violations of the Fourth, Sixth and Fourteen Amendments and well as a due process claim. The defendants removed the case to federal court and filed their first motion to dismiss. In response to the motion to dismiss, the plaintiff filed an amended complaint, limiting his claims to purported violations of his procedural due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983. The defendants filed a renewed motion to dismiss the amended complaint, and upon the Court's suggestion at the November 2003 status conference, withdrew the motion without prejudice, with the expectation of resubmitting the arguments in a motion for summary judgment.

In his complaint, the plaintiff seeks compensatory damages, punitive damages, prejudgment interest and such other and further relief as the court deems proper.

2. <u>Concise Summary of Disputed Issues of Fact and Law</u>

The gravamen of the plaintiff's complaint rests with internal disciplinary actions taken against him for improperly releasing a suspect after arrest. Plaintiff contends that the internal affairs investigation was intentionally and maliciously altered by his superior officers when they reversed a recommendation that the claims be dropped, and found that he had violated police policy and procedure. Plaintiff also alleges that an assistant state's attorney directed his actions that were in dispute in the disciplinary action.

The defendants submit that the plaintiff fails to state a claim for relief, because a lateral transfer at the same rank and same base pay does not implicate either a property or liberty interest under the due process clause. Moreover, plaintiff's true claim rests with the <u>results</u> of the internal disciplinary action, not with the process accorded to him. Finally, the defendants claim qualified and/or absolute immunity.

3. <u>Status of Discovery</u>

Discovery closed on January 15, 2004. After being rescheduled twice before, the plaintiff was deposed on January 7, 2004. All three deposition notices required the plaintiff to bring documents to the deposition, to the extent they had not previously been provided. At the deposition, plaintiff's counsel first objected to the document requests and refused to produce documents. On January 8, 2004, the defendants filed a motion to compel, and that motion remains pending. Plaintiff's objection to the motion to compel is due January 29, 2004, and plaintiff contests the form and timing of the document requests attached to the deposition notices.

4. Dispositive Motions

Motions for summary judgment are due on February 17, 2004, and the defendants anticipate filing such a motion.

5. Additional Pleadings to be Filed

The defendants intend to file a motion for summary judgment.

6. Trial Date and Estimated Length

Trial is presently set for 60 days after a ruling on motions for summary judgment. The parties anticipate that a trial would last no more than two to three days.

7. Additional Preparation

All additional preparation anticipated at this time has been discussed above.

8. Court Facilitation

The parties do not believe the court can do anything more to facilitate the progress of this case at this stage.

9. Possible Benefit of Settlement Conference or Assignment to Special Master

The parties hereby certified that they have held substantive settlement discussions in good faith three times since the issuance of the Court's case management order. The third discussion commenced in early January, 2004, when the plaintiff made a specific settlement demand upon the defendants. The defendants are still considering the settlement demand, but the initial reaction was not favorable. The defendants believe that the parties are so far apart on the merits, damages and settlement amounts that judicial resources would not be of little to no assistance. The plaintiff believes that a settlement conference with a judicial officer would greatly facilitate settlement of this matter, prior to the further expenditure of the resources necessary to address a motion for summary judgment and/or a trial on the merits.

10. <u>Referral to Magistrate Judge</u>

The undersigned counsel further certify that they have discussed the possibility of referral to a Magistrate Judge for trial with their client(s) and at this time, their clients do not consent to referral.

Respectfully Submitted,


BY: _____   Date: _____

    Clare E. Kindall
    Federal Bar No. ct 13688
    Assistant Attorney General
    55 Elm Street, P.O. Box 120
    Hartford, CT 06141-0120
    Tel. No. (860) 808-5020
    Fax No. (860) 808-5347
    Clare.Kindall@po.state.ct.us

 Counsel for Defendants in their individual capacities


BY: _____   Date: _____

Sebastian O. DeSantis, Esq.
Federal Bar No. ct 20116
Sabilia, DeSantis & Waggoner, LLC
247 Shaw Street, P.O. Drawer 191
New London, CT 06320
Tel. No. (860) 444-0144;
Fax No. (860) 443-0003
desantis@sdwllc.com

Counsel for Plaintiff