UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD LYNCH, | : | CIVIL ACTION NO. 303CV0381 (MRK) |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| CATHY MCNAMARA, ET AL, | : | |
| DEFENDANTS. | : | APRIL 29, 2004 |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' STATEMENT OF MATERIAL FACTS
AND
PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

PART 1
PLAINTIFF'S RESPONSE TO
DEFENDANTS' STATEMENT OF MATERIAL FACTS

1.  Plaintiff admits the allegations of Defendants' Statement of Material Facts ("Defendants' SMF"), ¶ 1.

2.  Plaintiff admits the allegations of Defendants' SMF, ¶ 2.

3.  Plaintiff admits the allegations of Defendants' SMF, ¶ 3, <u>except that</u> Defendants' citation does not support Defendants' statement that "[Lynch] reported directly to Lt. Thomas Hogarty."

4.  Plaintiff admits the allegations of Defendants' SMF, ¶ 4, <u>except that</u> said allegations fail to recognize the fact that Defendants "pressured" Lynch to "voluntarily" transfer off the Statewide Firearms Trafficking Task Force. Lynch dep. 48.

5.  Plaintiff admits the allegations of Defendants' SMF, ¶ 5, <u>except that</u> Defendants' citation does not support Defendants' statement that "[a]s Ledyard's resident state trooper, [Lynch] manages the entire Ledyard police force, and is answerable only to Ledyard's

mayor and the Lieutenant at Troop E."

6. Plaintiff admits the allegations of Defendants' SMF, ¶ 6.

7. Plaintiff admits the allegations of Defendants' SMF, ¶ 7.

8. Plaintiff admits the allegations of Defendants' SMF, ¶ 8.

9. Plaintiff admits the allegations of Defendants' SMF, ¶ 9

10. Plaintiff admits the allegations of Defendants' SMF, ¶ 10.

11. Plaintiff admits the allegations of Defendants' SMF, ¶ 11.

12. Plaintiff admits the allegations of Defendants' SMF, ¶ 12.

13. Plaintiff admits the allegations of Defendants' SMF, ¶ 13.

14. Plaintiff admits the allegations of Defendants' SMF, ¶ 14.

15. Plaintiff admits the allegations of Defendants' SMF, ¶ 15.

16. Plaintiff admits the allegations of Defendants' SMF, ¶ 16.

17. Plaintiff admits the allegations of Defendants' SMF, ¶ 17.

18. Plaintiff admits the allegations of Defendants' SMF, ¶ 18, <u>provided</u> <u>that</u> said allegations are understood to mean that "Colonel Barry ... could reverse every single finding of the investigator <u>if, but only if, Colonel Barry had a sufficient factual basis for doing so</u>."

19. Plaintiff admits the allegations of Defendants' SMF, ¶ 19, provided that said allegations are understood to mean that "Colonel Barry did not need to defer to an investigator's factual conclusions <u>provided that Colonel Barry had a sufficient factual basis for drawing a different factual conclusion</u>.

20. Plaintiff admits the allegations of Defendants' SMF, ¶ 20.

21. Plaintiff admits the allegations of Defendants' SMF, ¶ 21.

22. Plaintiff admits the allegations of Defendants' SMF, ¶ 22.

23. Plaintiff denies the allegations of Defendants' SMF, ¶ 23.

24. Plaintiff objects to Defendants' SMF, ¶ 24 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 24.

25. Plaintiff objects to Defendants' SMF, ¶ 25 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 25.

26. Plaintiff objects to Defendants' SMF, ¶ 26 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 26.

27. Plaintiff objects to Defendants' SMF, ¶ 27 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 27.

28. Plaintiff objects to Defendants' SMF, ¶ 28 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 28.

29. Plaintiff objects to Defendants' SMF, ¶ 29 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 29.

30. Plaintiff objects to Defendants' SMF, ¶ 30 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 30.

31. Plaintiff objects to Defendants' SMF, ¶ 31 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 31.

32. Plaintiff objects to Defendants' SMF, ¶ 32 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 32.

33. Plaintiff objects to Defendants' SMF, ¶ 33 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment. Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 33.

34. Plaintiff objects to Defendants' SMF, ¶ 34 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary

       Judgment.  Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 34.

35.     Plaintiff objects to Defendants' SMF, ¶ 35 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment.  Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 35.

36.     Plaintiff admits the allegations of Defendants' SMF, ¶ 36.

37.     Plaintiff admits the allegations of Defendants' SMF, ¶ 37.

38.     Plaintiff admits the allegations of Defendants' SMF, ¶ 38, <u>except that</u> Defendants' citation does not support Defendants' statement that "[t]he normal procedure for an arrest is to bring the prisoner to a police station or troop barracks[.]"

39.     Plaintiff admits the allegations of Defendants' SMF, ¶ 39, <u>except that</u> (1) Defendants' citation does not support Defendants' statement that "[r]ather than bringing Rodriguez back to the barracks to be processed, Lynch brought Rodriguez back to the Task Force offices" and (2) Plaintiff does not understand, and therefore can neither admit nor deny, the allegation that "Rodriguez ... did none of the other usual procedures."

40.     Plaintiff admits the allegations of Defendants' SMF, ¶ 40.

41.     Plaintiff admits the allegations of Defendants' SMF, ¶ 41, <u>except that</u> said allegations fail to recognize that Attorney McNamara authorized Plaintiff to release Rodriguez. Defendants' Exh. 23 at 40..

42.     Plaintiff objects to Defendants' SMF, ¶ 42 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary

Judgment.  Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 42.

43. Plaintiff objects to Defendants' SMF, ¶ 43 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment.  Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 43.

44. Plaintiff admits the allegations of Defendants' SMF, ¶ 44.

45. Plaintiff admits the allegations of Defendants' SMF, ¶ 45, excep that said allegations fail to acknowledge that the investigator who investigated this issue specifically found that McNamara was not believable.  CITE.

46. Plaintiff admits the allegations of Defendants' SMF, ¶ 46.

47. Plaintiff admits the allegations of Defendants' SMF, ¶ 47.

48. Plaintiff admits the allegations of Defendants' SMF, ¶ 48.

49. Plaintiff admits the allegations of Defendants' SMF, ¶ 49

50. Plaintiff admits the allegations of Defendants' SMF, ¶ 50.

51. Plaintiff admits the allegations of Defendants' SMF, ¶ 51.

52. Plaintiff admits the allegations of Defendants' SMF, ¶ 52.

53. Plaintiff admits the allegations of Defendants' SMF, ¶ 53.

54. Plaintiff admits the allegations of Defendants' SMF, ¶ 54.

55. Plaintiff admits the allegations of Defendants' SMF, ¶ 55.

56. Plaintiff admits the allegations of Defendants' SMF, ¶ 56.

57. Plaintiff admits the allegations of Defendants' SMF, ¶ 57.

58. Plaintiff admits the allegations of Defendants' SMF, ¶ 58.

59. Plaintiff admits the allegations of Defendants' SMF, ¶ 59.

60. Plaintiff admits the allegations of Defendants' SMF, ¶ 60.

61. Plaintiff admits the allegations of Defendants' SMF, ¶ 61.

62. Plaintiff admits the allegations of Defendants' SMF, ¶ 62.

63. Plaintiff admits the allegations of Defendants' SMF, ¶ 63.

64. Plaintiff admits the allegations of Defendants' SMF, ¶ 64.

65. Plaintiff admits the allegations of Defendants' SMF, ¶ 65.

66. Plaintiff admits the allegations of Defendants' SMF, ¶ 66.

67. Plaintiff denies the allegations of Defendants' SMF, ¶ 67 on hearsay grounds.

68. Plaintiff admits the allegations of Defendants' SMF, ¶ 68.

69. Plaintiff admits the allegations of Defendants' SMF, ¶ 69.

70. Plaintiff admits the allegations of Defendants' SMF, ¶ 70.

71. Plaintiff admits the allegations of Defendants' SMF, ¶ 71.

72. Plaintiff admits the allegations of Defendants' SMF, ¶ 72.

73. Plaintiff admits the allegations of Defendants' SMF, ¶ 73.

74. Plaintiff admits the allegations of Defendants' SMF, ¶ 74.

75. Plaintiff admits the allegations of Defendants' SMF, ¶ 75.

76. Plaintiff admits the allegations of Defendants' SMF, ¶ 76.

77. Plaintiff admits the allegations of Defendants' SMF, ¶ 77.

78. Plaintiff admits the allegations of Defendants' SMF, ¶ 78.

79. Plaintiff admits the allegations of Defendants' SMF, ¶ 79.

80. Plaintiff objects to Defendants' SMF, ¶ 80 on the ground that the allegations contained therein are simply not material to the issues raised in Defendant's Motion for Summary Judgment.  Plaintiff therefore asks the Court to relieve him from any obligation to admit or deny Defendants' SMF, ¶ 80.

81. Plaintiff admits the allegations of Defendants' SMF, ¶ 81.

82. Plaintiff admits the allegations of Defendants' SMF, ¶ 82.

83. Plaintiff admits the allegations of Defendants' SMF, ¶ 83, except to the extent that said allegations imply that Major Griffin was merely a puppet who bears no responsibility for <u>his</u> act of imposing discipline upon Plaintiff.

84. Plaintiff admits the allegations of Defendants' SMF, ¶ 84.

85. Plaintiff admits the allegations of Defendants' SMF, ¶ 85, except that said notice did not state that Plaintiff should meet with Griffin to "receive the discipline for his un-arrest of Ruben Rodriguez," but, rather, stated that Plaintiff should meet with Griffin "for the purpose of discussing disciplinary action."

86. Plaintiff admits the allegations of Defendants' SMF, ¶ 85

87. Plaintiff denies the allegations of Defendants' SMF, ¶ 85

88. Plaintiff denies the allegations of Defendants' SMF, ¶ 85

89. Plaintiff admits the allegations of Defendants' SMF, ¶ 85

90. Plaintiff admits the allegations of Defendants' SMF, ¶ 85

91. Plaintiff admits the allegations of Defendants' SMF, ¶ 85

92. Plaintiff denies the allegations of Defendants' SMF, ¶ 85

93. Plaintiff can neither admit nor deny the allegations of Defendants' SMF, ¶ 93, because no

allegations are contained therein.

94. Plaintiff admits the allegations of Defendants' SMF, ¶ 94.

95. Plaintiff admits the allegations of Defendants' SMF, ¶ 96.

96. Plaintiff denies the allegations of Defendants' SMF, ¶ 96.

97. Plaintiff denies the allegations of Defendants' SMF, ¶ 97.

98. Plaintiff denies the allegations of Defendants' SMF, ¶ 98.

99. Plaintiff admits the allegations of Defendants' SMF, ¶ 99 reveal some of the relief that Plaintiff seeks.

PART 2
PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Plaintiff has been employed by the Connecticut State Police since September 1987. Lynch dep. 39 - 40.

2. At its inception in July 2000, Plaintiff joined the Statewide Firearms Trafficking Task Force. Lynch dep. 46 - 47.

3. On March 28, 2001, Ruben Rodriguez made a citizen complaint against Lynch. Defendants' Exh. 13.

4. The sole method by which Defendants provided Lynch was notice of the charges Defendants were making against Lynch as a result of Rodriguez' citizen complaint was Defendants' act, on March 29, 2001, of providing Lynch with a copy of the a Complaint dated March 28, 2001 ("Complaint"). Lynch Aff. at 4; Defendants SMF ¶ 50.

5. The Complaint did not provide Lynch with notice that Defendants were charging him with violating Defendants' Release of Prisoners Policy. See Defendant's Exh. 13.

6. Ultimately, Defendants sustained against Lynch the charge of violating Defendants'

Release or Prisoners policy, Defendant's SMF ¶ 79, which policy provides, in essence, that 'a police officer shall not void an arrest without court authorization.' Defendant's SMF ¶ 48

7. Defendants' "justification" for sustaining the charge of violating Defendants' "Release of Prisoners" policy are found in Defendants' Exh. 23 at 30, which states:

> On November 28, 2000 members of SFTTF went to 23 Lourdes Court in Meriden where Sgt. Lynch placed Ruben Rodriguez under arrest and placed handcuffs on Rodriguez. Det. McWilliams led Rodriguez from the residence in handcuffs and transported to their office. All members of SFTTF believed Rodriguez was under arrest and Sgt. Lynch admitted to placing Rodriguez under arrest. Det. McWililams telephoned Assistant State's Attorney Cathy McWilliams and told her Rodriguez was under arrest and a million dollar bond was placed on him. After Sgt. Lynch spoke to Attorney McNamara, he tells Det. McWilliams to fill out the proper paperwork for Rodriguez to become a confidential informant and release him. Det. McWilliams complied and later drove Rodriguez home. Det. McWilliams and Sgt. Lynch stated Rodriguez was aware that he would be arrested at a later date on a warrant. Det. McWilliams completed his report, T00-001446, which is endorsed by Sgt. Lynch. The report contained no mention of Rodriguez's arrest on November 28, 2000, his detainment, removable from his

       home in handcuffs to a state police facility or any documentation of the arrest.

8. Defendants' justification does not, in any way, shape or form find, as it must, that Lynch voided an arrest "without court authorization." Id.

9. Defendants' own policies, which claim to be designed to "ensure that internal investigations are fairly, uniformly and thoroughly conducted", provide that such investigations should be completed in a "timely manner" and, more specifically, that such investigations should be completed "not later than 60 days from assignment ... to an investigator, with some extensions permitted." Defendants's Exh. 1 at 619, 629 and 633.

10. The Lynch investigation, from assignment to an investigator on March 28, 2001, Defendant's SMF ¶ 49, to imposition of discipline on April 30, 2002, Defendant's SMF ¶ 86, took 398 days!

11. In Lynch's nearly 17 years as an employee of the Connecticut State Police, he learned of some internal investigations which took slightly longer than the standard 60 days to complete, but he never heard of an internal investigation which took anywhere near 393 days to complete. Lynch Aff. 5A.

12. Lynch did not consent to the investigation taking longer than 60 days to complete. Lynch Aff. 5B.

13. In fact, Lynch regularly complained that the investigation was taking too long.

14. Lynch settled his grievance in the way that he did because his Labor Agent, Jerry Maguire, specifically told him that the grievance procedure, while empowered to provide an employee with certain remedies, was simply not empowered to provide an employee

with the remedies that Lynch sought: (1) reversal of Defendants' decision to sustain the charge of violating Defendants' "Release of Prisoners" policy and (2) compensation for being denied the due process rights of (a) receiving notice, (b) receiving a decision that was actually justified by the facts, (c) receiving a decision within a meaningful time, etc.

15. Maguire told Lynch that the settlement Lynch made was the best that he could do under the grievance procedures, and that, to obtain the other remedies Lynch sought, Lynch would need to file an action in court.

        Respectfully submitted,

---

**Todd Lynch,**
**By one of his attorneys:**
Sebastian O. DeSantis, FBN CT20116
Sabilia, DeSantis & Waggoner, LLC
247 Shaw Street
New London, CT 06320
860.444.0144